**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-00777-REB-BNB

CONSUMER CRUSADE, INC., a Colorado corporation,

    Plaintiff,

v.

GATEWAY EXPRESS MORTGAGE, INC., a Washington corporation, and
JAMES WAHL, its Officers and Directors

    Defendants.

## ORDER STAYING ACTION

**Blackburn, J.**

This case arises under the Telephone Consumer Privacy Act, 47 U.S.C. § 227 ("TPCA"), which makes it "unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement," *id.*, § 227(b)(1)(C). Plaintiff is the assignee of various individuals and entities that received such unsolicited fax transmissions.

Defendants have filed a motion to dismiss plaintiff's claims on the ground that plaintiff lacks standing to assert claims under the TPCA because such claims are not assignable. (*See* Defendants Gateway Express Mortgage, Inc.'s and James Wahl's Motion to Dismiss [#26], filed November 7, 2005.) Defendant's motion to dismiss relies primarily on Chief Judge Babcock's recent decision in ***US Fax Law Center, Inc. v. IHire, Inc.***, 362 F.Supp.2d 1248 (D. Colo. 2005), in which he concluded that TPCA

claims are unassignable under Colorado law, and therefore that the plaintiff assignee lacked standing to prosecute the suit. *Id*. at 1253. In a second recent opinion, not relied on by defendants, Judge Figa found that the TPCA evidences a congressional intent that jurisdiction over private claims thereunder should reside exclusively in state court. (*See* Order of Remand at 7-12 [#17], filed July 28, 2005, in *Consumer Crusade, Inc. v. Scientific Research Group, Inc.*, Civil Case No. 05-cv-00220-PSF-CBS.) Both these cases, which present issues of first impression in this circuit, are now before the Tenth Circuit on appeal.

Given these circumstances, I find that it would be prudent to await decisions in one or both of these cases before requiring the parties to proceed with the expense and inconvenience of litigation. I would note that were these cases not currently awaiting resolution by a higher authority, I generally would find Chief Judge Babcock's and Judge Figa's reasoning on their respective issues extremely persuasive. Giving plaintiff the benefit of the doubt that the Tenth Circuit may find otherwise, I believe the best course of action will be to stay this lawsuit until such time as those matters are definitively resolved.

**THEREFORE, IT IS ORDERED** as follows:

(1) That this action is hereby **STAYED** in all respects pending further order of this court;

(2) That Defendants Gateway Express Mortgage, Inc.'s and James Wahl's Motion to Dismiss [#26], filed November 7, 2005, is **DENIED WITHOUT PREJUDICE**; and

(3) That the parties **SHALL FILE** a written status report promptly after the Tenth Circuit issues rulings in one or both of the above-cited appeals.

Dated December 14, 2005, at Denver, Colorado.

>BY THE COURT:
>
>s/ Robert E. Blackburn
>Robert E. Blackburn
>United States District Judge