**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  05-cv-00777-REB-BNB

CONSUMER CRUSADE, INC., a Colorado corporation,

      Plaintiff,

v.

GATEWAY EXPRESS MORTGAGE, INC., a Washington corporation, and
JAMES WAHL, its Officers and Directors

      Defendants.

_____

**ORDER ADMINISTRATIVELY CLOSING CASE**
_____

**Blackburn, J.**

      This matter is before me *sua sponte*.  This case had been stayed pending the

outcome of plaintiff's appeal to the United States Supreme Court in an analogous case,

***U.S. Fax Law Center, Inc. v. iHire, Inc.***, 476 F.3d 1112 (10th Cir. 2007).  As noted in

**Defendants' Second Status Report Following Ruling by Supreme Court of the**

**United States** [#54], filed January 21, 2008, the Supreme Court recently denied

plaintiff's petition for writ of *certiorari* in the ***iHire*** case.  ***See*** 2008 WL 114024 (U.S.

Jan. 14, 2008).

      Pursuant to the now clearly controlling authority of ***iHire***, in diversity cases

controlled by Colorado substantive law, such as the present action, "an action based

upon the receipt of unsolicited faxes by individuals in violation of the [Telephone

Consumer Protection Act] is not assignable because such an action is in the nature of a

violation of the right to privacy." *iHire*, 476 F.3d at 1119-20 (quoting *McKenna v. Oliver*, 159 P.3d 697, 700 (Colo. App. 2006), *cert. denied*, 2008 WL 114027 (Jan. 14, 2008)) (internal quotation marks omitted).  Because such claims are not assignable, plaintiff lacks standing to maintain the present action.  *Id.* at 1120.  Although plaintiff has previously suggested that it believes the *iHire* opinion would permit it to maintain the present suit if it could show economic harm to its assignors, I perceive no reason to continue this case further in limbo while plaintiff determines whether it can make such allegations consistent with the requirements of Rule 11.

I thus exercise my discretion pursuant to D.C.COLO.LCivR 41.2 to direct administrative closure of this case, subject to reopening for good cause.

**THEREFORE, IT IS ORDERED** that pursuant to D.C.COLO.LCivR 41.2, the Clerk of the Court is **DIRECTED** to administratively close this case subject to reopening for good cause.

Dated January 22, 2008, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge